THOMAS J. HICKEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hickey v. Commissioner
Docket No. 2482-78.
United States Tax Court
T.C. Memo 1981-183; 1981 Tax Ct. Memo LEXIS 557; 41 T.C.M. (CCH) 1283; T.C.M. (RIA) 81183; April 20, 1981. Thomas J. Hickey, pro se. Adeline P. Malone, for the respondent. PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to the tax under section 6653(a) [1] as follows: Amount of
Additions to Tax
Year
Deficiency
under Section 6653(a)
1967
$ 4,357.63
$ 217.88
1968
22,646.73
1,132.34
1969
6,944.18
*558 The three issues for decision are: 1. Whether petitioner failed to report on his and his wife's 1967, 1968, and 1969 Federal income tax returns [2] income from the partnership of P. K. Hickey and Company in the amounts of $ 11,848.87, $ 46,915.34, and $ 24,913.26, respectively. 2. Whether petitioner overstated by the amount of $ 300 his distributive share of the partnership's charitable contributions for the year 1968. 3. Whether petitioner's underpayments of tax for the taxable years 1967 and 1968 were due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Petitioner and his wife timely filed joint Federal income tax returns for the taxable years 1967, 1968, and 1969. At the time he filed his petition in this *559 case, petitioner's legal address was 1 Washington Square, Larchmont, New York. During the years involved in this case, petitioner was a general partner in the partnership of P. K. Hickey and Company, and his distributive share of the partnership income was 15 percent of the total income. Petitioner's income or loss from the P. K. Hickey and Company partnership, as reported on petitioner's tax returns and as reported on the partnership's information returns, was as follows for the years 1967 and 1968: Amount Reported on
Amount Reported
Petitioner's Return as
on Partnership
Year
Income from Partnership
Return
Difference
1967
$ 29,901.21
* $ 41,750.80
$ 11,848.87
1968
$ 63,715.99 ** $ 110,631.33
$ 46,915.34
For 1968 petitioner also reported his distributive share of the partnership's charitable contributions as $ 450, and the partnership return reported his share as $ 150. The partnership return for 1969 showed *560 total ordinary income for the partnership of $ 11,257.97. That return reflected the following allocation among the three partners: Paul K. Hickey
($ 69,673.71)
Thomas J. Hickey (petitioner)
($ 23,224.57)
Lewis Colasurdo
$ 104,156.25 The partnership return also reflected a payment of $ 18,000 to petitioner for salary and interest for 1969, and petitioner reported on his tax return a loss of $ 5,224.57 (($ 23,224.57) - $18,000) from the partnership for the year. However, the amount of $ 104,156.25 listed as ordinary income to partner Lewis Colasurdo has been determined by this Court to represent a payment by the partnership for his interest in the partnership and not a distribution of partnership profits for the year 1969. [3] Therefore, petitioner's distributive share of the partnership profits for the year was $ 1,688.69 (15% of $ 11,257.97), and his total income from the partnership for 1969 was $ 19,688.69 ($ 18,000 + $ 1,688.69). *561 On audit respondent determined that petitioner had omitted income from the P. K. Hickey partnership in the amounts of $ 11,848.87, $ 46,915.34, and $ 24,913.26, for the years 1967, 1968, and 1969, respectively. The $ 24,913.26 figure for 1969 included the loss of $ 5,224.57 reported by petitioner, plus the $ 19,688.69, which respondent determined to be the proper amount of income from the partnership for that year. Respondent also determined that petitioner had overstated his distributive share of the partnership's charitable contributions for 1968 by an amount of $ 300. Respondent also imposed negligence penalties on the underpayments of tax for the years 1967 and 1968 pursuant to section 6653(a). OPINION A partnership is of course not a taxable entity, and each partner must report his distributive share of partnership income or loss on his individual return, and each partner is taxable on his distributive share, whether or not it is in fact distributed to him. Sections 701, 702; [4]. There is really no legal issue involved in this case, just a factual question as to the amount of petitioner's income *562 from the P. K. Hickey and Company partnership for each year. Petitioner reported on his tax returns amounts of partnership income that were substantially less than the amounts reflected for him on the partnership's information returns. Except possibly for 1969, petitioner has offered no explanation for his failure to report the full amounts of salary, interest and his distributive share (15%) of the partnership profits each year. The figure reported for 1967 seems to bear no resemblance to any figure for petitioner *563 reflected on the partnership return for that year. For 1968, petitioner appears to have reported his distributive share of partnership income but to have omitted the $ 46,915.34 for salary and interest that the partnership reported as paid to him. For 1969 there was a legal issue as to the characterization of a payment to another partner, which was the subject of litigation several years ago and which was resolved by this Court in 1975.With that matter resolved, petitioner does not now suggest that he should not be taxed on the $ 18,000 salary and his distributive share of partnership profits of $ 1,688.69, as reflected on the partnership return for 1969. Petitioner made some fleeting suggestion that the partnership returns for the earlier years had somehow been changed. However, Paul K. Hickey, the senior and managing partner during the years involved, was called as a witness by respondent and testified that the partnership returns in evidence were correct. Petitioner declined to cross examine him, and petitioner himself did not testify to the contrary. [5] The Court has no basis on which to disregard the figures reported on the partnership returns and must sustain respondent's *564 determination as to the omissions of partnership income on petitioner's 1967, 1968, and 1969 returns and as to the overstatement of petitioner's distributive share of the partnership's charitable contributions for the year 1968. Because of the legal issue and litigation in regard to the payment to another partner in 1969, the error in petitioner's reported partnership income for that year is understandable, and respondent has not imposed a negligence penalty for that year. Respondent did impose negligence penalties for 1967 and 1968, and petitioner has the burden to establish that his underpayments of tax were not due to negligence or intentional disregard *565 of rules and regulations. . Petitioner has not sustained his burden of proof, and the Court must uphold respondent's imposition of negligence penalties. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here involved, unless otherwise stated.↩
2. Petitioner filed joint Federal income tax returns with his wife, Rosa M. Hickey, for the years involved in this case, but Mrs. Hickey did not join in the petition to this Court. For the year 1969, petitioner's medical expense deduction was also disallowed. That was an automatic adjustment resulting from the increase in adjusted gross income from the increase in partnership income.↩
*. Composed of salary and interest of $ 32,582.39, plus distributive share of partnership income of $ 9,167.69. ** Composed of salary and interest of $ 46,915.34, plus distributive share of partnership income of $ 63,715.99.↩
3. See . The parties have stipulated as to the holding in that case but have not suggested that petitioner is bound by that case under the doctrine of collateral estoppel by judgment. However, since petitioner has not raised any issue as to the nature of the payment to partner Colasurdo, the Court assumes there is no dispute in that regard.↩
4. SEC. 701. PARTNERS, NOT PARTNERSHIP, SUBJECT TO TAX. A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities. SEC. 702. INCOME AND CREDITS OF PARTNER. (a) General Rule. -- In determining his income tax, each partner shall take into account separately his distributive share of the partnership's -- (4) charitable contributions (as defined in section 170(c)), (8) other items of income, gain, loss, deduction, or credit, to the extent provided by regulations prescribed by the Secretary or his delegate, and↩
5. The Court notes that Paul K. Hickey has a case pending in this Court, involving interalia↩ omissions of partnership income from P. K. Hickey and Company for the years 1967, 1968, and 1969 in the respective amounts of $ 11,848.87, $ 46,915.34, and $ 74,739.80. See Docket No. 2583-78. The Court notes that the figures omitted for 1967 and 1968 are exactly the same as those for this petitioner. If there was an explanation for that fact, it was not forthcoming, and petitioner declined to cross examine Paul K. Hickey.